CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 0 5 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WENDY DIANE HALL COVINGTON, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 7:06cv00614 |
| ) | |
| PAM SEMONES, et al., ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on defendants' Motion to Quash plaintiffs' Rule 30(b)(6) Notice to take the deposition of the defendant, Town of Christiansburg ("Town") to require the Town to testify as to the Montgomery County Commonwealth's Attorney's Office's knowledge regarding the actions of defendant Pam Semones and as to the prosecution of Gary Convington on assault charges, as alleged in the complaint. A hearing was held on this matter on April 4, 2007.

Defendants argue that the Montgomery County Commonwealth's Attorney's Office is a constitutionally created entity and, thus, is not an employee of, subject to, or under the control of the Town. Therefore, the Town cannot offer any testimony as to the extent of the Montgomery County Commonwealth's Attorney's Office's knowledge of matters involved in this suit. Plaintiff counters that the Town and the Montgomery County Commonwealth's Attorney's Office maintain a close relationship during the course of criminal investigations and criminal prosecutions, and thus, the Town may be required to testify as to the knowledge of the Montgomery County Commonwealth's Attorney's Office regarding such matters. The court finds plaintiffs' argument unconvincing.

Rule 30(b)(6) provides the following:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

Fed. R. Civ. Proc. 30(b)(6). Accordingly, the deponent is not testifying as to his personal knowledge of events, but instead is speaking for the entity as a whole. Int'l Ass'n of Machinists and Aerospace Workers v. Werner-Masuda, et al., 390 F.Supp. 2d 479, 487 (D. Md. Sept. 16, 2005). This necessarily implies that the individual must review and investigate into the matters known to or reasonably known to the entity. Id.; Poole ex rel. Elliot v. Textron, Inc., 192 F.R.D. 494, 504 (D. Md. 2000). There is no duty imposed to inquire into the knowledge of another entity. United States v. Taylor, 166 F.R.D. 356, 360 (M.D. N.C. 1996) (stating that the purpose of Rule 30(b)(6) was to allow for the streamlined discovery of information known to a particular entity by allowing for the designation of one, or more, specific individuals who would provide binding testimony as to the knowledge of that entity regarding given matters).

Here plaintiffs essentially ask one entity, the Town, to investigate another entity, the Montgomery County Commonwealth's Attorney's Office, and then provide such information to the plaintiffs during the course of a deposition. This is neither practicable nor efficient. As separate entities neither has a duty to inquire into or provide information as to each other's knowledge regarding the matters at issue. Id. at 361 (stating that the individual designated in a Rule 30(b)(6) deposition is providing the represented entity's version of the documents and

2

events at issue). In this case, plaintiffs need only depose a representative of the Montgomery County Commonwealth's Attorney's Office to determine the extent of the Montgomery County Commonwealth's Attorney's Office's knowledge as to the events which relate to the instant litigation. Accordingly, it is hereby

**ORDERED**

that Defendants' Motion to Quash plaintiffs' Rule 30(b)(6) Notice to take the deposition of the Town as to require the Town to testify as to the Montgomery County Commonwealth's Attorney's Office's knowledge regarding the actions of defendant Pam Semones and as to the prosecution of Gary Convington on assault charges, as alleged in the complaint, is **GRANTED**.

Enter this 5th day of March, 2007.

_____
Michael F. Urbanski
United States Magistrate Judge