CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 17 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WENDY DIANE HALL COVINGTON, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 7:06cv00614 |
| | ) | |
| PAM SEMONES, et al., | ) By: | Hon. Michael F. Urbanski |
| Defendants. | ) | United States Magistrate Judge |

## MEMORANDUM OPINION

This matter is before the court on defendants' Motion to Seal and/or Strike Exhibits A and B to plaintiffs' response to defendants' Motion to Quash plaintiffs' Rule 30(b)(6) Notice. On March 29, 2007, the court temporarily sealed these documents until the parties could be heard on the motion, and a hearing was held on this matter on April 4, 2007.[1]

Public access to judicial documents is of paramount importance, implicating both First Amendment and common law rights to public access. Having reviewed the record and after further briefing, the court concludes that the exhibits at issue in this case are judicial documents to which a common law presumption of public access attaches. As defendants have not provided evidence of a significant reason to override this interest, the motion to seal and/or strike the documents is **DENIED**.

### I.

In this case, plaintiffs Wendy Covington and her minor son allege violations of their civil rights under 42 U.S.C. § 1983 and related state law claims against a Town of Christiansburg police officer, Pam Semones, the Town of Christiansburg ("Town"), its Chief of Police, and

---

[1] Defendants moved to close the hearing and exclude a newspaper reporter. The court denied the motion to close the hearing.

various unidentified supervisors. The allegations arise from Officer Semones' conduct in connection with a domestic dispute between Wendy Covington and her husband. Officer Semones' conduct was investigated by an officer in the Internal Affairs Department of the Town's police department. The investigative notes and final report of the Internal Affairs investigator are the subject of the instant motion to seal and/or strike.

## II.

The context in which the request to seal the documents arises in this case is of significance to the legal analysis. The notes and report in question were produced by the Town in discovery and are subject to a protective order. Plaintiffs filed a notice to take the deposition of the Town pursuant to Fed. R. Civ. P. 30(b)(6). In their Rule 30(b)(6) deposition notice, plaintiffs sought to require the Town to designate a person to testify regarding the knowledge of another entity, the Montgomery County Commonwealth Attorney's Office. The Town moved to quash the deposition notice, arguing that Rule 30(b)(6) did not require it to provide testimony as to the knowledge of a wholly separate entity. Plaintiffs argued that the deposition notice was proper because of the close working relationship between the Town and the Montgomery County Commonwealth Attorney's Office as regards the investigation of defendant Semones' conduct in this case. In support of that contention, plaintiffs filed the investigative officer's notes and final report.

Defendants moved to seal these documents, asserting that the exhibits are discovery documents subject to a protective order. They further argue that the nature of these documents require that they remain under seal. Specifically, defendants contend that the internal affairs notes and report should remain sealed because their public dissemination would have a chilling effect on the ability of police departments to conduct such inquiries. In the alternative to sealing

2

these documents, defendants contend that they should be stricken from the record as not being reasonably related to the motion to quash. Plaintiffs counter that the conduct of police departments are of paramount public concern and investigations into their actions should be available for public scrutiny.

### III.

There is a common law and First Amendment right of access to judicial records and judicial proceedings. The common law presumption of access attaches to all judicial records and judicial documents, while the First Amendment right attaches only to particular documents, such as those filed in connection with a dispositive motion in a civil case and those filed in connection with plea hearings and sentences in criminal matters. Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988); Virginia Department of State Police v. The Washington Post, 386 F.3d 567 (4th Cir. 2004); see also Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access. Thus, the only question is whether there is a common law right of public access to these documents.

The common law presumption of public access is not absolute, and it only attaches to judicial documents. For instance, there is no common law right of public access to the "raw fruits of discovery" because these materials are neither public documents nor judicial records. In re: Policy Management Systems Corp., et al. v. Ernest & Young, et al., Nos. 94-2254, 94-2341, 1995 WL 541623, at * 3-4 (4th Cir. 1995) (citing United States v. Amodeo, 44 F.3d 141, 145 (2nd Cir. 1995)) (finding that the common law right of public access does not attach to discovery materials which do not play a relevant and useful role in the judicial process); Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (finding that there is no

3

common law right of access to discovery materials); see also State of West Virginia v. Moore, 902 F. Supp. 715, 717 (S.D. W.Va. 1995) (finding that depositions which were not considered by the Court in determining a litigant's substantive rights were not judicial documents).

However, the Fourth Circuit has held, "[d]iscovery, which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court." Rushford, 846 F.2d at 252. When discovery documents are reasonably related to and offered in support of a motion and the court actually considers those documents, those documents become judicial and subject to a right of public access. Washington v. Buraker, et al., Civil Action No. 3:02CV00106, slip op. at 9 (W.D. Va. March 29, 2005); but see Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp.2d 1353 (N.D. Ga. 2002) (finding that discovery materials filed with the court in connection with pre-trial discovery motions are not subject to a common law right of public access). As Judge Moon held in Washington, the presumption of public access attaches to any documents filed in support of a motion which the court actually considers, regardless of how trivial the requested action may be.[2] Washington, slip op. at 13.

Plaintiffs filed the internal investigative notes and report in support of their response to defendants' Motion to Quash. The court considered these documents in rendering a decision on that motion; therefore, following Washington, these documents are no longer mere discovery

---

[2]In so holding, Judge Moon distinguished the Fourth Circuit's unpublished decision in Policy Management. In Policy Management, the Fourth Circuit held that documents filed with a motion to dismiss and/or summary judgment did not become judicial documents merely because they were filed. There, the district court never actually considered the subject documents because it granted the motion to dismiss. In "stark contrast" to that circumstance, the documents in Washington were offered in support of motions on which the court actually ruled, thus they were judicial documents. Washington, slip. op. at 8.

4

documents, but instead qualify as judicial documents to which the common law presumption of access attaches. See id. at 15.

"This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interest in access." Rushford, 846 F.2d at 253. In balancing these interests, the court should consider if the records are sought for some improper purpose, whether release would enhance the public's understanding of an important historical event, and whether the public already has access to the information contained in the records. In re Knight Publ. Co., 743 F.2d 231, 235 (4th Cir. 1984)

"Society has an understandable interest . . . in law enforcement systems and how well they work." In re Application and Affidavit for a Search Warrant, 923 F.2d 324, 331 (4th Cir. 1991). Further, society's "desire to keep a watchful eye on the workings of public agencies" and to review "information concerning the operation of government" will justify compelling access to judicial documents. Warner Communications, 435 U.S. at 597-98. The internal investigative notes and report fall squarely within the public's interest in understanding the workings of the Town's Police Department. These documents also clearly fall within the purview of public import as they involve the investigation into allegations that one of the Town's police officers engaged in improper conduct during a criminal investigation and subsequent prosecution, became improperly involved in a domestic dispute and, thereafter, acted to cover up her misdeeds. Moreover, these allegations are fully detailed in the complaint, which is widely available to the public, and the investigation details the police department's findings and conclusions as to these allegations. Accordingly, the court finds that there is a significant public interest in these documents and the documents may serve to advance the public's understanding of the events at issue and the police department's investigation thereof.

5

Defendants argue that the public disclosure of these internal investigative notes and report would have a chilling effect on the ability of a governmental entity to investigate itself. Specifically, defendants contend that if police department investigators realized that their thoughts, opinions, and final reports would eventually be made public, they would be less inclined to "faithfully fulfill[] their duty to investigate" and relay those opinions to their superiors. (Defs' Memo in Supp. Mot. Seal at 4-5) Similarly, they contend that if witnesses knew the statements they made to police officers would not remain confidential, they would be less likely to cooperate in such investigations. (Id.) They further argue that because these documents were produced subject to a protective order during discovery, they are entitled to a presumption that good cause exists to maintain these documents under seal. (Id. at 5-6)

The defendants' argument that police officers will not fulfill their official duties in investigating police matters if they know their notes and reports will become public is unpersuasive. Defendants' argument that witnesses will refuse to cooperate is likewise unavailing. Washington, slip op. at 18 (finding that the Virginia State Police Department's claim that unsealing a report may make an individual less cooperative in an investigation is insufficient to outweigh the public interest in unsealing). Finally, while the protective order issued by this court was designed to prevent disclosure of confidential information obtained during the discovery process, it does not override the public's interest in access to these documents once they have been attached to a motion and considered by the court in rendering a decision. Washington, slip op. at 18.

Finally, defendants contend that the internal investigative notes and report were only minimally relevant to plaintiffs' response to defendants' motion to quash and, therefore, should not lose their status as mere "fruits of discovery." Plaintiffs assert that although their motion to

6

quash was unsuccessful, they attached these documents to establish that a sufficient relationship existed between the Town and the Montgomery County Commonwealth Attorney's Office such that the Town could be required under Rule 30(b)(6) to testify regarding the Montgomery County Commonwealth Attorney's Office's knowledge of certain incidents.

"[W]hen a document is offered in direct support of a request for action, even if the court ultimately disregards [it]," the document becomes judicial and is subject to a common law presumption of access. Washington, slip. op. at 12-13. In ruling on defendants' motion, the court reviewed and considered the internal investigative notes and report attached to plaintiffs' response. The court found that these documents do in fact indicate that there was communication between the Town and the Montgomery County Commonwealth Attorney's Office during the investigation into the allegations against Pam Semones. Although the court found these documents insufficient to establish a relationship such the Town could be required under Rule 30(b)(6) to provide testimony as to the Montgomery County Commonwealth Attorney's Office's knowledge, the theory for which they were purported to support was not so tangential, inexplicable, or so far removed from the issue that they can be considered irrelevant or erroneously attached.[3]

Based on the foregoing, the court concludes that it is not appropriate to maintain these documents under seal. Nonetheless, the court finds that before Exhibit A may be unsealed it

---

[3]In the alternative to sealing the aforementioned documents, defendants move the court to strike the exhibits as immaterial and impertinent to the plaintiffs' response to defendants' Motion to Quash. As noted above, the court finds these exhibits were sufficiently related to plaintiffs' response and demonstrative of plaintiffs' theory of relief that they could not be considered wholly unrelated to the issue then at hand. Accordingly, the court declines to strike these exhibits.

7

must be redacted to remove the names of minor children on pages 488 and 491 and the notes on page 492 regarding the pastoral interview on September 8, 2006 which may be subject to protection under Va. Code § 8.01-400.

## IV.

The court finds that defendants have not alleged significant interest to outweigh the public's interest in unsealing Exhibits A and B to plaintiffs' response to defendants' Motion to Quash plaintiffs' Rule 30(b)(6) Notice. For the reasons noted above, the court also finds that these documents should not be stricken from the record. Accordingly, defendants' Motion to Seal and/or Strike Exhibits A and B to plaintiffs' response to defendants' Motion to Quash plaintiffs' Rule 30(b)(6) Notice is **DENIED**. Nevertheless, as defendants have requested a stay of this ruling to allow an appeal, the accompanying Order will reflect a stay to allow an appeal to the district court.

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to counsel of record.

Enter this 17 day of April, 2007.

Michael F. Urbanski
United States Magistrate Judge

8